IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RODNEY BLOCKER                                                           PLAINTIFF

       v.                  Civil No. 6:08-cv-06042

NURSE TOMMY HARMON;
OFFICER DUNN; OFFICER RIMA;
OFFICER HEDRICKS; and
OFFICER HUFFMAN; and LT.
McMURRIAN, All of the Garland County
Detention Center                                        DEFENDANTS

**MEMORANDUM OPINION**

      Plaintiff, Rodney Blocker (hereinafter Blocker), filed this action pursuant to the provisions of 42 U.S.C. § 1983. When the events at issue in this lawsuit occurred, Blocker was incarcerated at the Garland County Detention Center (GCDC). He maintains his constitutional rights were violated when he was denied adequate medical care by Defendants.

      Defendants filed a motion for summary judgment (Doc. 25). Despite having requested and been granted two extensions of time to respond to the summary judgment motion (Docs. 28, 30 & Docs. 32-33), Plaintiff failed to file a response to the summary judgment motion. The case is before me pursuant to the consent of the parties (Doc. 12).

**I.  Background**

      Blocker was arrested on September 26, 2007, on a number of criminal charges. *Defendants' Exhibit* (hereinafter *Defts' Ex.*). 1 at ¶ 7. On January 29, 2008, he was sentenced to a ten year term of imprisonment at the Arkansas Department of Correction (ADC). *Id.* at ¶ 8. Blocker remained

incarcerated at the GCDC until June 2, 2008, when he was transported to the ADC. *Id.*

During all times relevant to this case, Defendants were employees of the GCDC. *Defts' Ex.* 1 at ¶ 4. Captain Mel Steed (hereinafter Steed) is the jail administrator. *Id.* at ¶ 1. Garland County has in place a policy that requires the provision of medical care to inmates. *Id.* at ¶ 5. According to Steed, the policy provides:

> In those cases in which an inmate has a non-emergency medical need, the inmate is directed to complete a Medical Request Form which is reviewed by a supervisor and then forwarded to Dr. Hale for review. In the event the decision is made that the inmate needs to see a doctor, the inmate is scheduled an appointment with Dr. Hale at his regular visit. Dr. Hale sees inmates in the jail at least once a week. Furthermore, all directives of Dr. Hale, prescription medications, referrals, x-rays, or others are complied with by the detention facility staff. In emergency medical situations, inmates are either transported to the Emergency Room or an ambulance is summoned to provide emergency medical care to inmates.

*Defts' Ex.* 1 at ¶ 5. *See also Defts' Ex.* B. Steed asserts that no inmate is denied medical care while incarcerated in the GCDC. *Defts' Ex.* 1 at ¶ 6.

On February 18, 2008, Blocker submitted a medical complaint form indicating he had large knots under his arms. *Defts' Ex.* 1 at ¶ 9; *Defts' Ex.* D. He questioned whether it could be caused by a staph infection. *Defts' Ex.* D. He also stated he could not move his arms without a lot of pain. *Id.* The form was picked up by an officer at 10:30 p.m. *Id.* The following day at 11:20 a.m. Nurse Harmon faxed the form to Dr. Hale. *Id. See also Defts' Ex.* D & E. Harmon also examined Blocker and noted that he had two or three "boil[s]" under the arm pit on each side. *Defts' Ex.* E.

On February 21st, Blocker was transported to St. Joseph's Mercy Health Center where he was treated. *Defts' Ex.* F. He was diagnosed as having abscesses under both arms. *Id.* He was told to keep the area clean with soap and water. *Id.* The packing was to be removed and repacked in two days. *Id.* He was prescribed medication. *Id.*

Blocker began receiving the prescription medication on February 22nd. *Defts' Ex.* G. He continued receiving prescription medication until March 12th. *Id.*

Blocker was taken to the Express Care Clinic for a recheck and repacking of the bilateral axillary abscess daily from February 23rd until to March 1st and then again on March 3rd, March 5th, and March 7th. *Defts' Ex.* H. Blocker received all medical care ordered by personnel at the hospital, at Express Care Clinic, and by Dr. Hale. *Defts' Ex.* F, *Defts' Ex.* H, and *Defts' Ex.* 1.

## II.  Summary Judgment Standard

"Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). We view all evidence and inferences in a light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). However, the nonmoving party may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial. *See Celotex v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

## III.  Discussion

Defendants have now moved for summary judgment. First, Defendants contend they did not at any time deny Blocker any reasonable and necessary medical care. Second, in the event the Court finds a constitutional violation exists, Defendants present the alternative argument that they are entitled to the defense of qualified immunity.

The Eighth Circuit analyzes both a pretrial detainee's and a convicted inmate's claim of inadequate medical care under the deliberate indifference standard. *See Butler v. Fletcher*, 465 F.3d 340, 344 (8th Cir. 2006). To prevail on an Eighth Amendment claim, Blocker must prove that

Defendants acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). The deliberate indifference standard includes "both an objective and a subjective component: 'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000)(*quoting Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir.1997)).

"For a claim of deliberate indifference, the prisoner must show more than negligence, more even that gross negligence, and mere disagreement with treatment decisions does not give rise to the level of a constitutional violation. Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Popoalii v. Correctional Medical Services*, 512 F.3d 488*,* 499 (8th Cir. 2008)(internal quotation marks and citations omitted).

In this case, Blocker's denial of medical care claim is based on his request for medical care for "large knots" under his arms. *Defts' Ex.* D. His written request for medical care is dated and received by jail personnel on February 18th. *Id.* He was examined by Nurse Harmon, the following day, *Defts' Ex.* E. Nurse Harmon noted Blocker appeared to have boils under the armpit on each side. *Id.* The medical request was then faxed to Dr. Hale that day. *Id.* Blocker was taken for treatment at emergency room at St. Joseph's on February 21st. *Defts' Ex.* F. He began receiving the prescribed medication the following day. *Defts' Ex.* G. He was taken to Express Care Clinic for follow-up care on the schedule dictated by the clinic which included daily visits between February 23rd and March 1st. *Defts' Ex.* H.

On the record before me, there is no evidence of deliberate indifference on the part of the Defendants. Blocker has offered no verifiable medical evidence to establish that he was harmed by

the alleged delay between February 18th and February 21st in his first receiving medical treatment. *See e.g., Crowley v. Hedgepeth*, 109 F.3d 500, 502 (8th Cir. 1997)(inmate who claims about delay in medical treatment must present verifying medical evidence of detrimental effect of delay). In fact, during this period of time Blocker was examined by Nurse Harmon and the request was faxed to Dr. Hale.

None of the remaining Defendants, Officer Dunn, Officer Hedricks, Officer Huffman, Lt. McMurrian, and Officer Rima, were personally involved in responding to the February 18th medical request nor is there any indication they were consulted about the request. Moreover, there is no indication on the record before the court that these Defendants were personally involved in the provision of medical care at the GCDC. Instead, Blocker merely alleges in his complaint that he showed them his arms and they did not know what was wrong with him and/or thought he might have boils. This is clearly insufficient to establish deliberate indifference on their part. *See Keeper v. King,* 130 F.3d 1309, 1314 (8th Cir. 1997)(no evidence that the defendants were doctors or were personally involved in making medical decisions about treatment); *Mark v. Nix*, 983 F.2d 138, 139-40 (8th Cir. 1993)(section 1983 liability requires some personal involvement or responsibility).

### IV.  Conclusion

For the reasons stated, Defendants' motion for summary judgment (Doc. 25) will be granted by a separate judgment entered concurrently with this opinion.

DATED this 3rd day of December 2009.

/s/ Barry A. Bryant  
BARRY A. BRYANT  
UNITED STATES MAGISTRATE JUDGE